J-S19005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN BEAUMONT | : | |
| | : | |
| Appellant | : | No. 1649 MDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002435-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 05, 2017**

Appellant, Justin Beaumont, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to corruption of minors and disorderly conduct.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellant sexually abused his stepdaughter ("Victim") from approximately October 2014 to October 2015. After Victim told her mother about the abuse on November 3, 2015, Appellant exhibited suicidal tendencies and checked himself into the hospital. On November 4, 2015, Appellant confessed to the sexual abuse of Victim in a voluntary statement to police. Police subsequently arrested Appellant, and the Commonwealth charged

---

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii) and 5503(a)(1), respectively.

---

*Former Justice specially assigned to the Superior Court.

Appellant with two counts each of involuntary deviate sexual intercourse and sexual assault, and one count each of unlawful contact with minor, indecent assault, corruption of minors, and indecent exposure on December 23, 2015. On June 6, 2016, Appellant entered an open guilty plea to corruption of minors and disorderly conduct, in exchange for the Commonwealth's request that the court dismiss the remaining charges against Appellant. After accepting Appellant's plea, the court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On September 1, 2016, the court sentenced Appellant to a term of eighteen (18) to thirty-six (36) months' imprisonment for the corruption of minors conviction and a consecutive term of one (1) year probation for the disorderly conduct conviction. Both sentences are above the aggravated range of the sentencing guidelines. The court explained it imposed these sentences for Appellant's convictions due to: (1) the gravity of the offense; (2) Appellant's minimization of his involvement; (3) Appellant's failure to accept responsibility for his action by placing blame on Victim; (4) the impact on Victim, who feels responsible for ending the relationship between Appellant and Victim's mother; and (5) Appellant's need for sex offender and mental health treatment.

On September 6, 2016, Appellant timely filed a post-sentence motion, which the court denied on September 19, 2016. Appellant timely filed a notice of appeal on September 30, 2016. On October 19, 2016, the court

ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on October 25, 2016.

Appellant raises the following issue for our review:

> WHETHER THE SENTENCES IMPOSED WERE INAPPROPRIATELY HARSH AND EXCESSIVE AND AN ABUSE OF DISCRETION, SINCE IT APPEARS THAT THE SENTENCING COURT SENTENCED [APPELLANT] AS IF HE HAD A PRIOR [RECORD] SCORE OF REFEL?

(Appellant's Brief at 4).

Appellant claims the court failed to consider Appellant's lack of criminal background, steady employment, status as the provider for his family, and expression of remorse at sentencing. Appellant also avers the court misinterpreted his statement given to police during his hospitalization for suicidal tendencies. Appellant asserts the court mistook Appellant's statement as evidence of Appellant's failure to exhibit remorse or accept responsibility for his actions. Appellant concludes the court's failure to consider certain factors and its misinterpretation of his statement to police resulted in a harsh and excessive sentence, and we should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Lutes*, 793

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not
*(Footnote Continued Next Page)*

A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant

(Footnote Continued) ——————————

have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Commonwealth v. Phillips,* 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. "A substantial question is raised where an appellant alleges the sentencing court erred by imposing an

aggravated range sentence without consideration of mitigating circumstances." ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005).

Here, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion and Rule 2119(f) statement; and his claim that the court imposed an above-aggravated range sentence without consideration of certain mitigating factors appears to raise a substantial question as to the discretionary aspects of his sentence. ***See id.***

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Id.*** at 1184 (quoting ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he

court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question...." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id.* "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, the record belies Appellant's contentions. The court had the benefit of a PSI report at sentencing. Therefore, we can presume it considered the relevant factors when it sentenced Appellant. *See Tirado, supra* at 368 (holding where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). Additionally, the court explained its reasons for Appellant's sentence as follows:

> This [c]ourt['] s imposition of sentence[s] above the aggravated range was appropriate given 1) the nature and gravity of the offense, 2) [Appellant's] failure to accept responsibility for his actions, 3) the impact on [V]ictim,

- 7 -

and 4) [Appellant's] serious rehabilitative needs.

First, this court considered the nature and gravity of the offense in this matter. Here, [Appellant] preyed on [Victim] over a year's time. [Appellant] reports that he himself was also a victim of molestation, and yet he continued to sexually abuse [Victim] even though he understood the serious consequences of his actions. Second, the court considered [Appellant's] failure to accept responsibility for his actions. Here, [Appellant] blamed [V]ictim as the initial instigator and minimized his actions during the year he preyed on [Victim]. Third, the court considered the impact on [V]ictim. Here, [V]ictim stated that this abuse "has always had an emotional effect on her." [V]ictim also stated that..."over the span of a year she would not be able to sleep in fear that [Appellant] would come into her room in the middle of the night." [V]ictim had also stated that "it is her fault that [Appellant] is no longer in the home" to be with [Victim's] mother and sister. Lastly, the court considered [Appellant's] serious rehabilitative needs. Here, [Appellant] is in serious need of sex offender and mental health treatment that can best be addressed in a State Correctional Institution.

\* \* \*

Therefore, the claim on appeal should be denied.

(**See** Trial Court Opinion, filed November 29, 2016, at 7-8) (internal citations omitted). We accept the court's analysis. **See Hyland, supra**. Therefore, Appellant is not entitled to relief on his challenge to the discretionary aspects of his sentence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017